THE TRUSTEES OF THE METHODIST EPISCOPAL CHURCH OF MIL-
FORD, DELAWARE, a corporation of the State of Delaware, *vs.*
ROBERT H. WILLIAMS, Executor of the last will and testament
of ELIZA P. CLARK, deceased.

1.  CHARITIES—BEQUEST TO CHURCH—VALIDITY.

Testatrix's bequest to the trustees of a named Methodist Episcopal
Church and their successors in office of the sum of five thousand dollars in
trust to invest the same and apply the income in defraying the expenses
of the church was valid.

2.  CHARITIES—BEQUEST TO TRUSTEES OF CHURCH—VALIDITY.

Testatrix's bequest of one thousand dollars to the trustees of a named
Methodist Episcopal Church and their successors in office in trust to invest
and apply the income under direction of the Ladies' Aid Society of the church
to the care of the parsonage, providing that, if the Ladies' Aid disbanded or
its membership fell below twelve, the bequest should cease, and the fund
fall into the residuary estate, was valid.

3.  CHARITIES—BEQUEST TO TRUSTEES OF CHURCH—VALIDITY.

Testatrix's bequest of three shares of bank stock, valued at seven hun-
dred and eighty-seven dollars, in trust to the trustees of a named Methodist
Episcopal Church to apply the income to the maintenance of "our burial
lot" and to keep paint on the fence, etc., was valid.

(*October* 30, 1914.)

PENNEWILL, C. J., and CONRAD and HEISEL, J. J., sitting.
*James Hall Anderson* for plaintiff.
*W. Watson Harrington* for defendant.
Superior Court, Kent County, October Term, 1914.

ACTION OF DEBT, No. 52, October Term, 1914.

Action brought by the Trustees of the Methodist Episcopal
Church of Milford, Delaware, a corporation, against Robert H.
Williams, executor of Eliza P. Clark, deceased, to recover three
certain legacies, one for five thousand dollars, another for one
thousand dollars, and the third, being the value of certain bank
stock, agreed to be the sum of seven hundred and eighty-seven
dollars, each respectively, bequeathed by the deceased, in and
by her last will, to the "Trustees of the Avenue Methodist Epis-
copal Church of Milford, Delaware," and their successors in office,
in trust nevertheless for the several uses and purposes therein
mentioned. Heard on a case stated, the material facts agreed
upon being substantially these:

Eliza P. Clark, late of Milford, Kent County, Delaware, died on the twelfth day of December, A. D. 1913, leaving her last will and testament dated April 30, 1910, and a codicil thereto dated June 28, 1911, which will and codicil were duly proved before the register of wills of Kent County, Delaware, and letters testamentary were in due form of law granted by him unto the said Robert H. Williams (will and codicil attached).

That the personal estate of the testatrix exclusive of her household furniture and other chattels (covered by item 48 of said will) consist of interest-bearing securities amounting to upwards of three hundred and fifty thousand dollars ($350,000).

That the real estate of the testatrix exclusive of that specifically devised in her said will under items 18 and 19 which she empowered her executor to convert into money under item 47 is of the value of thirty-five thousand dollars ($35,000).

That there is sufficient personal estate, being interest-bearing securities, in the hands of said executor to pay in full each and every specific legacy bequeathed under said will and codicil without using any of the proceeds from the sale of any real estate, and that, after the payment of all legacies, expenses and costs incident to the settlement of the said estate there will remain a residuary estate of over twenty thousand dollars ($20,000) exclusive of any proceeds from the sale of any real estate.

That said plaintiff corporation is a religious society of Christians duly incorporated under the laws of the State of Delaware. *Chapter* 144, *Vol.* 2, *Laws of Delaware, p.* 878.

That the yearly rents and profits of the whole real estate held or enjoyed by plaintiff corporation is nothing.

That the yearly interest or income of all property real and personal will not exceed six hundred dollars ($600) counting the income which it will enjoy should it receive the legacies bequeathed to it under the said will of Eliza P. Clark.

That the said plaintiff is the only Methodist Episcopal Church in Milford, Delaware, and for many years has been commonly called and known as the "Avenue Methodist Episcopal Church of Milford, Delaware," mentioned in item 44 of said will,

which latter name appears in large letters above the front door
of plaintiff's church edifice.

Item 44 of the will is as follows:

"I give and bequeath to the Trustees of the Avenue Methodist Epis-
copal Church of Milford, Delaware, and their successors in office, the sum of
five thousand dollars ($5,000), in trust, nevertheless, for the following uses
and purposes, that is to say: To invest and keep the same invested in good
and legal securities of the State of Delaware, and to apply the income or
interest arising therefrom in defraying the expenses of said church."

That said deceased was for many years prior to her death
and up to her death continuously a member of said plaintiff
corporation and was not a member of any other church and that
she was a regular attendant of said church and a regular contribu-
tor thereto up to the time of her decease.

That the Ladies' Aid Society of plaintiff church mentioned
in item 45 of said will is an unincorporated committee or society
of said church composed of certain of its female members who
aid plaintiff's trustees in the care of the parsonage building in
Milford, Delaware, belonging to said corporation. That said
society is not disbanded and that its membership number is not
below twelve being at this time over forty.

Item 45 of the will is as follows:

"I give and bequeath to the Trustees of the Avenue Methodist Epis-
copal Church of Milford, Delaware, and their successors in office, the sum
of one thousand dollars ($1,000), in trust nevertheless, for the following uses
and purposes, that is to say: To invest and keep the same invested in good
and legal securities of the State of Delaware, and to apply the income or inter-
est arising therefrom under the direction and supervision of the Ladies' Aid
Society of said church, in the renovation, repairing, alteration or adding to
the inside or interior only, of the parsonage of the Avenue Methodist Epis-
copal Church. If the Ladies' Aid Society shall at any time become disbanded
or its membership in number fall below twelve, then and in that event, this
bequest shall cease and determine, and the fund of one thousand dollars
($1,000) shall immediately fall into and become a part of my residuary estate."

That the Methodist Cemetery mentioned in item 46 of said
will is a burial ground controlled, owned and maintained by
plaintiff.

Item 46 of the will is as follows:

"I give and bequeath to the Trustees of the Avenue Methodist Epis-
copal Church of Milford, Delaware, and their successors in office, three and

29 Del.] Trustees M. E. Church, Milford vs. Williams. 65

Statement——Arguments.

one-half shares (3½) of the 'First National Bank of Dover,' Delaware, in trust nevertheless, for the following uses and purposes, that is to say: To apply the income or interest arising therefrom for the proper maintenance and keep of our burial lot in the Methodist Cemetery, in Milford, Delaware, and in particular to keep painted the iron fence surrounding the said burial lot, and for the renewal and repair of one-half of the adjoining wooden fence, but never under any circumstances to construct, or permit to be constructed, a wire fence. If after the proper maintenance and care of the said burial lot, and the painting, repairing and renewal of the said fence, there shall be a balance remaining at the end of any one year, then and in that event, the excess may be applied to the maintenance and care of the other parts of the burial lot, not enclosed by the iron railing."

If the court shall be of the opinion that the legacy of five thousand dollars ($5,000) bequeathed under item 44 of said will and the legacy of one thousand dollars ($1,000) bequeathed under item 45 of said will and the legacy of bank stock bequeathed under item 46 of said will are valid, judgment shall be given in favor of said plaintiff for the sum of six thousand dollars ($6,000) and for the value of said bank stock, which value is hereby agreed to be the sum of seven hundred and eighty-seven dollars ($787); if, however, the court shall be of the opinion that all of said last mentioned legacies are invalid, judgment shall then be given for the defendant for cost; if some of said legacies shall be judged valid and others invalid judgment shall then be given accordingly.

Each party reserved the right to sue out a writ of error on the judgment to be entered.

Counsel for the plaintiff contended that *Doughten v. Vandever*, 5 *Del. Ch.* 51, was applicable to the facts of this case, and decisive of the plaintiff's right of recovery.

Counsel for the defendant directed attention to the Delaware Statute of Mortmain, and cited, *State, Use of Derrickson, et al., v. West's Ex'r*, 2 *Harr.* 151; and *State, Use of Wiltbank et al., v. Bates, Adm'r*, 2 *Harr.* 18.

*Per Curiam:*—[1-3] And now, to wit, this thirtieth day of October, A. D. 1914, the above case stated having been argued by counsel and considered by the court, the court are of the opinion that the legacy of five thousand dollars ($5,000) bequeathed under item 44 of said will and the legacy of one thousand dollars ($1,000) bequeathed under item 45 of said will

and the legacy of bank stock bequeathed under item 46 of said will·are valid.

And, therefore, it is ordered by the court that judgment shall be entered for the plaintiff for the sum of six thousand seven hundred and eighty-seven dollars ($6,787) besides costs of suit, etc.